*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AARON DANIEL WIRTJES,

        Defendant-Appellant.

UNPUBLISHED
February 15, 2024

No. 358621
Barry Circuit Court
LC No. 2021-000081-FC

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

## ON REMAND

This case returns to this Court on remand from our Supreme Court. The Court vacated our judgment to the extent that it may be inconsistent with its recent plurality decision in *People v Posey*, 512 Mich 317; ___ NW2d ___ (2023), a case in which our Supreme Court held in relevant part that a defendant may appeal and seek review of a sentence imposed by the trial court within the sentencing guidelines range, subject to a presumption of proportionality. Our Supreme Court denied leave in all other respects.[1] After reconsidering in light of *Posey* our previous decision respecting defendant's claim of error regarding the proportionality of his within-guidelines sentence, for the reasons stated herein we affirm the sentence imposed by the trial court.

## I. FACTUAL BACKGROUND

We incorporate by reference the detailed factual background set forth in our previous opinion.[2] At the sentencing hearing, the prosecution advised the trial court of defendant's prior convictions and that he stood for sentencing as a fourth-offense habitual offender. Defendant admitted that he had a prior conviction of domestic violence and a felonious assault conviction of

---

[1] *People v Wirtjes*, ___ Mich ___; ___ NW2d ___ (2023).

[2] *People v Wirtjes*, unpublished per curiam opinion of the Court of Appeals issued March 30, 2023 (Docket No. 358621).

-1-

violence against his ex-wife plus two other prior felony convictions. The sentencing transcript indicates that the trial court recounted the facts established at trial of defendant's attack, kidnap, and rape of the victim in this case at gunpoint. The court also noted that defendant had previously taken a 4-month-old child and texted his wife about how he might kill the child, then met his wife and put a knife to her throat but refused to tell her where the child was. The court expressed grave concern regarding defendant's history of violence against women. The court also remarked that it understood that it had the responsibility to consider the safety of the community in sentencing defendant and the impact of his conduct on the victim. The court opined that with defendant's proven criminal history he did not deserve to be free to live in society anymore. The court admonished defendant but asserted that he had the right to turn his life around. The record indicates that the court factored all of these into its sentencing decision. The trial court sentenced defendant to serve concurrent sentences of 570 to 960 months' imprisonment for the first-degree criminal sexual conduct and kidnapping convictions; 120 to 180 months' imprisonment for the assault with a dangerous weapon conviction; 180 to 960 months' imprisonment for the domestic violence—third-offense conviction; plus 24 months' imprisonment for each of the felony-firearm convictions. On appeal, defendant argues that the trial court imposed a disproportionate sentence.

## II. STANDARD OF REVIEW

*Posey* directs that on appeal, "challenges to within guidelines sentences are reviewed for reasonableness according to the test outlined in [*People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017)]." *Posey*, 512 Mich at 326.

## III. ANALYSIS

In *Posey*, 512 Mich at 351, our Supreme Court reaffirmed its holding in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and *Steanhouse*, 500 Mich at 459, that the sentencing guidelines are advisory in all applications including on appeal, and that the key test remained whether the challenged sentence " 'is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Posey*, 512 Mich at 351, quoting *Steanhouse*, 500 Mich at 475. Our Supreme Court held "that appellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter." *Posey*, 512 Mich at 353 (citing *Steanhouse*, 500 Mich at 473.) Although reviewing courts must consider whether the sentence is "proportionate to the seriousness of the circumstances surrounding the offense and the offender" as articulated in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), and affirmed in *Steanhouse*, 500 Mich at 459-460, a within guidelines sentence is presumptively proportionate and defendant bears the burden of overcoming that presumption. *Posey*, 512 Mich at 357. The presumption, however, is not binding on this Court. *Id*. at 359.

On remand of *Posey* to this Court, this Court summarized the analytical framework for proportionality review as follows:

> "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). With respect to sentencing and the

guidelines, the key test is not whether a sentence departs from or adheres to the guidelines range. *Steanhouse*, 500 Mich at 472. The key test is whether the sentence is proportionate to the seriousness of the matter. *Id*. In regard to proportionality, the *Milbourn* Court "observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system." *Milbourn*, 435 Mich at 668. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). [*People v Posey*, ___ Mich App ___, ___; ___ NW2d ___ (2023); slip op at 2-3.]

With these principles in mind, we have reviewed the entire record in this case. We hold that the trial court did not abuse its discretion by imposing the sentence in this case. Defendant presented to the trial court for sentencing with a history of convictions of violent crimes against women. In the case in which he committed felonious assault of his ex-wife, the record indicates that defendant kidnapped a young child and made a threat to his wife that he intended to kill the child, arranged to meet her and then threatened her with a knife to her throat. In this case, defendant attacked the victim, his ex-girlfriend, kidnapped her, made her drive to a remote area, raped her with a gun to her head, forced her to drive back to her residence under gunpoint, when they arrived there he threatened to kill her, threatened her again with the gun and fled. The record establishes that defendant committed a heinous crime and is a habitual offender from whom society requires protection. The record demonstrates that the trial court considered the seriousness of the offense and the offender as required by our Supreme Court's directives articulated in *Milbourn*, *Lockridge*, *Steanhouse*, and *Posey*.

The facts and circumstances of this case and defendant's history of perpetrating violent crimes against women with the use of deadly weapons demonstrate the reasonableness and proportionality of the within guidelines sentence imposed by the trial court. We conclude that no rational argument can be made by defendant to rebut the presumption of proportionality of his within guidelines sentence. Accordingly, after reconsideration in light of the principles articulated in our Supreme Court's decision in *Posey*, 512 Mich 317, we affirm the sentences imposed upon defendant by the trial court.

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford